UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| SERGE BELOZEROV, on behalf of himself and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GANNETT COMPANY, INC.<br><br>*Defendant*. | Civil Action No.<br><br>4:22-CV-10838-NMG |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Gannett Co., Inc. ("Gannett" or "Defendant"), by and through its undersigned counsel, answers the Complaint filed by Plaintiff Serge Belozerov on June 1, 2022 (the "Complaint"), and alleges additional defenses as follows. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Complaint. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Gannett does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint. *See* Fed. R. Civ. P. 10(b).

By submitting this Answer, Gannett expressly preserves and does not waive any applicable rights, defenses, or objections. Gannett also expressly reserves the right to amend and/or supplement this Answer and its defenses based on, *inter alia*, discovery, factual developments, and Gannett's ongoing investigation of Plaintiff's claims. No incidental or implied admissions are intended by this Answer. Unless expressly stated herein, nothing in this Answer should be construed as an admission of any allegations contained in the Complaint.

## I. NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 1 of the Complaint and denies that this suit may be maintained as a class action.

2. Paragraph 2 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 2, except that it respectfully refers the Court to the text of the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "Statute") for a complete and accurate statement of its terms.

3. Deny knowledge or information sufficient to form a belief as to the actions of other businesses with an online presence. Deny the remaining allegations contained in Paragraph 3 of the Complaint, except admit that unless a visitor opts out, Gannett uses or has used cookies, software development kits, and pixels consistent with its privacy policies.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

5. Deny the allegations contained in the first and third sentences of Paragraph 5 of the Complaint. Deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint.

8. Deny the allegations contained in the first sentence of Paragraph 8 of the Complaint. The second sentence of Paragraph 8 contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett admits that Plaintiff purports to seek legal and equitable remedies, but otherwise denies the allegations

contained in the second sentence of Paragraph 8. Gannett specifically denies that this suit may be maintained as a class action, that Plaintiff has stated any claim, or that Plaintiff is entitled to any of the relief sought.

## II.     JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required.

## III.    THE PARTIES

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences in Paragraph 13 of the Complaint. Deny the remaining allegations in Paragraph 13 of the Complaint.

14. Admit the allegations contained in Paragraph 14 of the Complaint, except deny that Gannett Company, Inc. is the correct name for Defendant, deny that Defendant owns more than 260 daily publications, and deny that on average, USA Today's website is visited 116 million times per month.

## IV.     FACTUAL ALLEGATIONS

### A.     Background of the Video Privacy Protection Act

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Gannett admits that Senate Report No. 100-599 contains the quoted language set forth in Paragraph 16.

17.     Deny the allegations contained in Paragraph 17 of the Complaint, except admit that Senate Report No. 100-599 contains the quoted language set forth in Paragraph 17.

18.     Paragraph 18 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Gannett admits that 134 Cong. Rec. S5399 contains the quoted language set forth in Paragraph 18.

19.     Deny the allegations contained in Paragraph 19 of the Complaint, except admit that Senator Patrick Leahy's statement during a 2012 Senate Judiciary Committee meeting, "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century" contains the quoted language set forth in Paragraph 19.

20.     Deny the allegations contained in Paragraph 20 of the Complaint.

### B.     *USA Today* Integrates Digital Subscriptions

21.     Admit the allegations contained in Paragraph 21 of the Complaint.

22.     Admit the allegations contained in Paragraph 22 of the Complaint.

23.     Deny the allegations contained in Paragraph 23 of the Complaint, except admit that visitors can sign up for a free account or paid subscription and that visitors must provide their name and email address to sign up for either a free account or a paid subscription.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Admit that any visitor to USATODAY.com or the *USA Today* App can watch videos, but otherwise deny the allegations contained in Paragraph 26.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

**C.   Defendant Admits It Collects and Discloses Digital Subscribers' Information to Third-Parties But Fails to Advise It Discloses Personal Viewing Information**

28. Admit that the USA Today Privacy Policy has contained the quoted language set forth in Paragraph 28.

29. Deny the allegations set forth in Paragraph 29, except admit that the USA Today Privacy Policy contains the quoted language set forth in Paragraph 29.

30. Admit that the *USA Today* Privacy Policy has contained the quoted language set forth in Paragraph 30.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

**D.   How USA Today Disseminates Digital Subscribers Personal Viewing Information**

   **1.   Tracking Pixels**

32. Admit that websites and apps can use Facebook's pixel and software development kit, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences in Paragraph 33 of the Complaint. Deny the allegations set forth in the third sentence of Paragraph 33.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

Case 4:22-cv-10838-MRG   Document 36   Filed 01/24/23   Page 6 of 16

### 2. Facebook ID ("FID")

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences in Paragraph 35 of the Complaint and deny the remaining allegations in Paragraph 35 of the Complaint.

36. Deny that Gannett knowingly provides visitors' FIDs, video content names, and URLs to Facebook. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

### E. *USA Today* Unlawfully Discloses Its Digital Subscribers' Personal Viewing Information to Facebook

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

### F. Disclosing Personal Viewing Information is Not Necessary

46. Paragraph 46 of the Complaint contains subjective conclusions of fact and law to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 46 of the Complaint.

47. Deny that Defendant discloses Personal Viewing Information within the meaning of the Statute, 18 U.S.C. § 2710, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 47 of the Complaint. The second sentence of Paragraph 47 contains legal conclusions to which no response is required.

### G.   Plaintiff's Experiences

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

## V.   CLASS ACTION ALLEGATIONS

52. Paragraph 52 of the Complaint contains legal contentions and/or conclusions to which no response is required. Gannett admits that Plaintiff purports to bring a lawsuit under Rules 23(a) and (b) of the Federal Rules of Civil Procedure. To the extent that a further response is required, Gannett denies that this suit may be maintained as a class action.

53. Paragraph 53 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

54. Paragraph 54 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

55. Paragraph 55 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

56. Paragraph 56 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

57. Paragraph 57 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

   a) Paragraph 57(a) of the Complaint contains legal contentions and/or conclusions to which no response is required.

   b) Paragraph 57(b) of the Complaint contains legal contentions and/or conclusions to which no response is required.

   c) Paragraph 57(c) of the Complaint contains legal contentions and/or conclusions to which no response is required.

   d) Paragraph 57(d) of the Complaint contains legal contentions and/or conclusions to which no response is required.

   e) Paragraph 57(e) of the Complaint contains legal contentions and/or conclusions to which no response is required.

58. Paragraph 58 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies that this suit may be maintained as a class action.

## VI. CLAIM FOR RELIEF

### RELIEF

### Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710

59. Gannett incorporates the responses contained in Paragraphs 1 through and including 58 above as if fully set forth herein.

60. Paragraph 60 of the Complaint contains legal contentions and/or conclusions to which no response is required. Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms.

61. Paragraph 61 of the Complaint contains legal contentions and/or conclusions to which no response is required. Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms.

62. Paragraph 62 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains legal contentions and/or conclusions to which no response is required. Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms, but otherwise denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett respectfully refers

the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms, but otherwise denies the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett respectfully refers the Court to the Statute itself, 18 U.S.C. § 2710, for a complete and accurate statement of its terms, but otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Gannett denies the allegations contained in Paragraph 70 of the Complaint.

## VII.   CLAIM FOR RELIEF

### RELIEF REQUESTED

71. Gannett denies that this suit may be maintained as a class action, denies Plaintiff is entitled to any of the relief requested in the Complaint, and specifically denies each of the requests for relief enumerated in Paragraphs 71(a)-(h).

WHEREFORE, Gannett, having fully answered the Complaint, prays for judgment as follows:

    A. That the Complaint be dismissed in its entirety with prejudice;

    B. That Plaintiff take and recover nothing against Gannett by virtue of their claims;

C. That the Court grant Gannett such other and further relief and the Court may deem just and proper.

**VIII. JURY DEMAND**

### JURY DEMAND

72. Gannett admits that Plaintiff has demanded a trial by jury. Gannett reserves all rights in connection with such demand.

Without waiving and hereby expressly reserving the right to assert any and all defenses based on, inter alia, discovery and factual developments, Gannett asserts the following defenses to the claims asserted in the Complaint and does not concede it has the burden of proof with respect to these defenses.

### FIRST DEFENSE

**(Failure to State a Claim)**

73. The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

**(Lack of Article III & Statutory Standing)**

74. Plaintiff (and putative class members) lack standing because the Plaintiff (and putative class members) has not suffered injuries in fact that are fairly traceable to the conduct alleged in the Complaint and are not "aggrieved person[s]" as provided for in 18 U.S.C. § 2710(b)(1).

### THIRD DEFENSE

**(Lack of Causation)**

75. Plaintiff's claims (and that of putative class members) are barred, in whole or in part, to the extent that Gannett's conduct was not the actual or proximate cause of any alleged

damage suffered by Plaintiff (or putative class members). Any damage allegedly suffered by Plaintiff (or putative class members) was caused in whole or in part by the acts or omissions of persons or entities other than Gannett.

## FOURTH DEFENSE

### (Failure to Mitigate Injury)

76. To the extent Plaintiff (or putative class members) has suffered any damages, Plaintiff (or putative class members) has failed to take reasonable steps to mitigate those purported damages.

## FIFTH DEFENSE

### (Gannett Did Not Violate the Statute)

77. Gannett did not substantively violate 18 U.S.C. § 2710, including with respect to the named Plaintiff.

## SIXTH DEFENSE

### (Consent, Waiver, Estoppel)

78. Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Gannett was made with any required consent of the relevant individual, and thus his claims are waived and/or estopped.

## SEVENTH DEFENSE

### (Ordinary Course of Business)

79. Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Gannett was made incident to the ordinary course of Gannett's business.

### EIGHTH DEFENSE

### (Marketing Goods & Services)

80. Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because any disclosure made by Gannett was done for the exclusive use of marketing goods and services directly to the consumer.

### NINTH DEFENSE

### (Plaintiff's Claims Are Limited and/or Barred by Gannett's Terms of Service)

81. Plaintiff's claims (and that of putative class members) are limited and/or barred, in whole or in part, by applicable provisions in the Gannett Terms of Service and Privacy Policy to which Plaintiff (or putative class members) consented when creating Gannett accounts.

### TENTH DEFENSE

### (Statute of Limitations)

82. To the extent any claims are outside the two year statutory limitations period provided for in 18 U.S.C. § 2710(c)(3), they are barred.

### ELEVENTH DEFENSE

### (Free Speech)

83. Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because 18 U.S.C. § 2710 violates the First Amendment of the Constitution, including because 18 U.S.C. § 2710 is a facially invalid, overbroad content- and speaker-based restriction on speech that as applied here would punish a speaker for disclosing, with permission, factual information about an individual without causing any harm.

**TWELFTH DEFENSE**

**(Due Process & Excessive Fines)**

84.     Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because the award of the requested statutory damages would violate Gannett's procedural and substantive due process rights and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**THIRTEENTH DEFENSE**

**(Suit May Not Proceed as a Class Action)**

85.     Plaintiff's claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein, and because Plaintiff agreed to a class action waiver.

**FOURTEENTH DEFENSE**

**(No Cognizable Injury or Compensable Damages)**

86.     Plaintiff's claims (and that of putative class members) are barred, in whole or in part, because Plaintiff's alleged injuries are not cognizable and/or the damages he allegedly suffered are not compensable under the law.

**FIFTEENTH DEFENSE**

**(Impropriety of Class-Wide Declaratory or Injunctive Relief)**

87.     To the extent Plaintiff (and putative class members) seeks injunctive relief, such relief is barred, including because Plaintiff (and putative class members) have not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury.  Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative class as a whole because Gannett has not acted or refused to act on grounds that apply generally to the putative class.

| | |
|---|---|
| Dated: New York, New York<br>January 24, 2023 | Respectfully submitted,<br><br>/s/ David L. Yohai<br>David L. Yohai (admitted *pro hac vice*)<br>David R. Singh (admitted *pro hac vice*)<br>Blake J. Steinberg (admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Phone: (212) 310-8000<br>Fax: (212) 310-8007<br>david.yohai@weil.com<br>david.singh@weil.com<br>blake.steinberg@weil.com<br><br>Patrick J. O'Toole Jr. (BBO #559267)<br>WEIL, GOTSHAL & MANGES LLP<br>100 Federal Street, 34th Floor<br>Boston, MA 02110<br>Phone: (617) 772-8300<br>Fax: (617) 772-8333<br>patrick.otoole@weil.com<br><br>*Attorneys for Defendant Gannett Co., Inc., incorrectly sued as Gannett Company, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

*/s/ David L. Yohai*
David L. Yohai (admitted *pro hac vice*)
